ANITA LEWIS, AND J. W. CHARD BY HIS GUARDIAN, W. G. CHARD v. S. D. JOHNS, J. G. DOLL, J. L. SIMPSON, J. B. GALLAND AND M. LEVENSOHN.

JOINT TRESPASSERS UNDER LEGAL PROCESS—LIABILITY OF.—In an action by the parties whose property has been wrongfully taken under legal process, all who join or participate in the trespass are jointly liable as joint trespassers.

IDEM.—Plaintiff's property was illegally seized by defendant J., as Sheriff, by levy under writs of attachment against E. J. C., sued out by the other defendants, D. & S., and L. & G.; the levy under the writ of D. & S. taking precedence only because it first came to the hands of J. At the time of making said seizure J. acted without special directions from the other defendants, but immediately thereafter all the defendants were duly notified of plaintiffs' claim to said prop-

erty, and that a redelivery was demanded by plaintiffs of J., whereupon D. & S., and L. & G. executed and delivered separately to J. bonds of indemnity against the plaintiffs' said claim. The property seized, which consisted of grain in field in process of harvesting, was sold as perishable by J., whereby it became lost to plaintiffs, and the proceeds of the sale were applied to the satisfaction in full of the attachment debt of D. & S., and the residue to the satisfaction, in part, of the like debt of L. & G., for both of which lawful judgments against E. J. C. had in the meantime been recovered. *Held,* that all the defendants were joint trespassers, and jointly liable to plaintiffs for the damages sustained.

APPEAL from the District Court, Second Judicial District, Tehama County.

Plaintiffs had judgment against all the defendants, who moved for a new trial, which was denied by the Court below, and defendants Galland and Levensohn appealed from the judgment and the order denying a new trial.

All the other facts of the case, not stated in the opinion of this Court on this appeal, are stated in the opinion rendered in this cause on a former appeal, and reported in 24 Cal. 100.

*Robinson & Dunlap,* for Appellants.

Appellants are not responsible for any irregularity of the Sheriff in executing the process of attachment, or for any levy made by him thereunder on the property of third persons, because he was not acting under the express orders of defendants in making such levy. To create a liability, the Sheriff's act must be done under the particular direction of defendants. (*Adams* v. *Keeman,* 9 Johns. 118; *Stewart* v. *Wells,* 6 Barb. 81; *Coats* v. *Darby,* 2 Coms. 517; *Deal* v. *Bogue,* 20 Penn. 228; *Dameron* v. *Williams,* 7 Miss. 138; *Weidler* v. *Fenner's Bank,* 11 Serg. & R. 134; *Gilson* v. *Princeton Bank,* 1 Spencer, N. J., 138; *Kreger* v. *Osborn,* 7 Blackf. 74; *Lewis* v. *Jones,* 2 Gale, 211.)

The receipt of the money from the sales of the property levied on could not charge Levensohn & Galland with such ratification of the trespass as would make them liable, nor did they in any manner become liable by ratification. (*Adams* v. *Freeman,* 9 Johns. 117; *Bishop* v. *Viscountess Montague,*

Croke Eliz. 824; *West* v. *Shockley*, 4 Harr. 287; *Kreger* v. *Osborn*, 7 Blackf. 74.)

No injury was done to plaintiffs, and no right of action accrued to them from the levy made by defendant Johns, under defendants Galland & Levensohn's attachment, because such levy was not upon the property itself, but upon the interest of E. J. Lewis therein. (*Blanchard* v. *Brooks*, 12 Pick. 66; *Arms* v. *Burt*, 1 Vt. 311; *Miller* v. *Ewing*, 6 Cush. 34; *Gee* v. *Moore*, 14 Cal. 472; *Gassner* v. *Patterson*, 23 Cal. 299–301; *Hull* v. *Cornley*, 1 Kern. 506; *Bank of Lansingburgh* v. *Crary*, 1 Barb. 550.)

The first levy puts the property in the custody of the Sheriff, and the goods being thus in the custody of the law, the first levy suffices for any subsequent attachment, and the property is not and cannot be so seized under a second attachment in the hands of the same officer who took possession of the goods under a levy of the first attachment so as to make the second levy a trespass.

"After having levied on goods with one *fieri facias*, if the Sheriff receives a second *fi. fa.* the first levy is sufficient for both executions." (*Cresson* v. *Stout*, 17 Johns. 121; *Hartwell* v. *Bissell*, 17 Johns. 128; Holt, 643; 1 Show. 174; 4 Bacon's Ab. 389; Woodfall's Tenants' Law, 389; *Hagan* v. *Lucas*, 10 Peters, U. S., 403–405; *Bachusst* v. *Clinkard*, 1 Show. 173; 3 B. & Ald. 95; *Peck* v. *Tiffany*, 2 Coms. 459; *Russell* v. *Gibbs*, 5 Cow. 390; *Van Winkle* v. *Udall*, 1 Hill, 560.)

The first levy being void, there was no second levy, and no advantage therefore could inure to defendants Galland & Levensohn, nor any trespass be committed by them. (*Collins* v. *Levins*, 10 Adol. & Ell. 570; 37 Eng. Com. Law, 175.)

The defendants Doll and Simpson, and the defendants Galland & Levensohn, could not be co-trespassers and jointly liable. If any liability existed, it was primary on the part of the former, and secondary on the part of the latter, and only proportional as to each. (*Davidson* v. *Dallas*, 8 Cal. 253.)

*W. S. Long*, for Respondents.

The facts as found by the Court in this case are the same as those in the same case in 24 Cal. 98. We charge all the parties in this suit as trespassers. Appellants undertake to excuse themselves on the ground that they only directed the Sheriff (defendant Johns) to levy on the right, title and interest of E. J. Lewis; that they are not liable, as charged, because Johns had already levied on the property under a prior attachment in favor of defendants Doll & Simpson. Yet both attachments were levied at the same time, and both bonds of indemnity were given to the Sheriff at the same time. The principle is well settled that a mere levy upon personal property by an officer, where it is not authorized by law, is—without either a sale or removal—a trespass. (*Stewart* v. *Wells*, 6 Barb. 81, and cases there cited.) To maintain either replevin or trespass, it is not necessary to show an act of forcible dispossession of plaintiffs. (Id.) The law presumes that every officer has performed his duties in accordance with its mandates. Our statute requires a Sheriff to execute an attachment against personal property by seizing it and taking it into his possession. (Practice Act, Sec. 125; *Taafts* v. *Manlove*, 14 Cal. 47.) In order to levy on an interest in personal property, the whole must be taken into possession. (10 Cal. 380; 12 Cal. 198.) If therefore, E. J. Lewis had no interest in the grain, all who were concerned in its seizure were trespassers, and equally liable. (*Davidson* v. *Dallas*, 8 Cal. 250; *Bour* v. *Bradley*, 12 Cal. 250.) He who participates in the illegal execution of a writ, or afterwards ratifies it, is *particeps criminis*, and equally liable as the principal—the officer. (8 Cal. 227; 12 Cal. 230.) We contend that this whole case is *res adjudicata*. See this case in 24 Cal. 98.

By the Court, SANDERSON, J. :

There is a marked difference between this case and that of
*Davidson* v. *Dallas*, 8 Cal. 227; 15 Cal. 79. That was an
action by an assignee of the Sheriff upon the indemnity
bond which was given by the second attaching creditor.
This is an action by the parties whose property was wrong-
fully taken, against the Sheriff and both attaching creditors,
as joint trespassers.

It was substantially conceded by the Court, in the former
case, that the attaching creditors were joint trespassers as to
the injured party, but it was held that the same rule did not
apply as between them and the Sheriff in an action upon
the indemnity bonds. The Court said: "It is conceded that
in a case of joint trespass, the party injured may sue one or
all of the trespassers, and each one will be liable for the
whole damages; but a satisfaction made by any one of them
will be a discharge of all. But in this case, as between the
Sheriff and his indemnitors, the same rule does not apply.
He does not bear toward them the same relation that the
injured party does toward joint trespassers. As between the
Sheriff and the attaching creditors, their liability to him
arises under contracts allowed by law. In those contracts
there were mutual covenants. He bound himself to detain
the property, first for Gibson (the first creditor,) and second
for Dallas (the second,) with the condition that this order
was subject to be changed by the ultimate results of the
suits." (Page 255.)

It was accordingly held—First, if, in such a case, both
attachments are ultimately sustained and the whole proceeds
of the property absorbed by the judgment of the first cred-
itor, the Sheriff must look to him alone for indemnity;
second, if the first attachment is defeated and the second
sustained, he must look solely to the second attaching cred-
itor for his entire indemnity; third, if both are sustained
and the property sells for more than sufficient to satisfy the

80

first, the Sheriff is entitled to recover from each of the creditors in proportion to the amount of the proceeds of the sale paid by him to them respectively; and, fourth, if both attachments are defeated, the responsibility of each creditor is in proportion to the amount for which he attached, unless the value of the property is greater than the aggregate amount of both attachments, in which case the first creditor's liability to the Sheriff is equal to the amount for which he attached, and the second creditor is responsible for the whole of the remainder.

Whether this is sound doctrine, need not be considered here. It was very seriously doubted in the second appeal in the same case. (15 Cal. 79.) We refer to the case merely in response to its citation by counsel, and solely for the purpose of showing that it is not in point, and has no direct application to the facts of the present case.

The sole question here is, whether the appellants were joint trespassers with their co-defendants. We are unable to perceive upon what ground it can be held that they were not.

It does not appear, either from the evidence or the findings, whether at the start either of the attaching creditors gave the Sheriff any direction to levy upon the property in question. The case merely shows that the attachment of Doll & Simpson was issued on the 9th of July, 1862, and placed in the hands of the Sheriff on that day; that the attachment of the appellants, Levensohn & Galland, was issued on the eleventh of the same month, and placed in the hands of the Sheriff on that day; that the levy was made on the twelfth for the benefit of both attachments, that of Doll & Simpson taking precedence merely by operation of law, because it was first placed in the possession of the Sheriff; that thereafter the Sheriff was notified by the plaintiffs that the property was theirs, and not the property of the defendant in the attachment; that thereupon both Doll & Simpson and the appellants executed separate bonds of indemnity on the same day, and delivered them to the Sheriff; that the

property was sold, as perishable, for the benefit of both attachments; that the proceeds were sufficient to pay the whole of Doll & Simpson's claim and three fourths of the appellants', and were so applied by the Sheriff.

In view of these facts, there is no pretense for saying that the appellants were not joint trespassers with their co-defendants. If the property was not seized in the first instance by their direction, it was subsequently retained and sold by their direction and for their benefit, and the benefit actually received. (*Adams* v. *Freeman*, 9 Johns. 118; *Stewart* v. *Wells*, 6 Barb. 81.)

The remaining points do not require special notice. They are mainly covered by our opinion delivered in this case when here before. (24 Cal. 98.)

Judgment and order affirmed.