*Wytheville.*

BANKERS LOAN & INVESTMENT CO. *v.* HORNISH & OTHERS.

June 17, 1897.

Absent : KEITH, P.

1. DEEDS OF TRUST—*Intermediate judgments—Subrogation—Assignments.*—A third person who advances money to pay off notes given for the purchase price of real estate secured by a first deed of trust thereon, and who stipulates that he is to have a first lien, and pays to the holder of the notes the full amount thereof, and takes them in uncancelled and holds them by consent of all parties for further protection, and to avoid all contingencies and complications, and also takes a deed of trust on the land to secure the loan, is entitled to be subrogated to the rights of the holder of said notes, and has priority over intervening judgment creditors of the grantor. It is not necessary to take an assignment of the notes. Subrogation is the act of the law and the creature of a court of equity, and depends upon principles of law and justice, and not upon contract.

2. PLEADING—*Subrogation.*—The right of subrogation need not be specifically claimed in the answer of one entitled to its benefits. It is sufficient if the facts alleged and established by the evidence justify the court in the application of the doctrine, at the instance of a party asking its aid and protection.

Appeal from a decree of the Hustings Court of the city of Roanoke, pronounced February 7, 1895, in a suit in chancery wherein the appellees were the complainants, and the appellant and others were the defendants.

*Reversed.*

This was a suit in chancery instituted by Hornish and others, judgment creditors of B. D. Downey, for the purpose of subjecting to the payment of their judgments a lot in the city of Roanoke. The bill charged that Downey had pur-

chased the lot of May M. Simmons in August, 1890, and that
May M. Simmons and her husband had conveyed the lot to
Downey, who forthwith conveyed the same to a trustee to
secure notes given for deferred payments of the purchase
money; that the deed of trust was admitted to record shortly
after its date, but that the deed to Downey had never been
recorded; that afterwards Downey procured a conveyance of
this lot to be made to Mrs. Downey by Mrs. Simmons and
her husband, in which Mrs. Downey assumes the payment of
the purchase money notes given by Downey, which deed bears
date August 20, 1890, was acknowledged September 26, 1891,
and recorded October 19, 1891. The bill charges that the
deed to Mrs. Downey was made "for the purpose of defeating
your orators in the recovery of their debts," and that appel-
lant had knowledge of the fact "that the title to this property
had been conveyed to said B. D. Downey prior to the execu-
tion of the deed to his wife, and hence was a party to the
attempted fraud of B. D. Downey." It was further charged
in the bill that the deed to Mrs. Downey conveyed no title to
her; that, as the deed to B. D. Downey had been delivered
to him, the title to the lot was vested in him and had not been
divested, and hence the lot was liable for the judgments of the
complainants. The bill referred to the deed of trust to secure
the debt of the appellant, but charged that it was inferior to
the judgments mentioned in the bill. The appellant, and the
trustee in the deed to secure its debt, answered, denying all
fraud or knowledge of fraud, or that either of them knew of
the existence of the prior deed of conveyance from Simmons
and wife to B. D. Downey, and also denying that complain-
ant's judgments were superior to the lien held for its debt.
As to the notes given by B. D. Downey for deferred pay-
ments of purchase money for the lot the answer avers "that
in order to avoid all contingencies and complications the said
Bankers Loan & Investment Company, sometime in Decem-
ber, 1891, purchased for a valuable consideration from the

Fidelity Loan & Trust Company of Roanoke, Va., the first negotiable promissory note executed by the said B. D. Downey, payable to May M. Simmons,'' and endorsed by her, and that on October 5, 1892, it purchased, for a like consideration from the same vendor, the second of said notes, both of which were given for deferred payments of purchase money for the lot sought to be subjected. Appellant further answered ''that it is still the owner and holder of said notes, and claims all the benefits of the security given to secure the payment of said notes as set forth, and that said notes have not been paid, nor any part thereof, except as above recited, &c.''

The evidence sufficiently appears in the opinion of the court. There was a decree adverse to the appellant, and from that decree this appeal was taken.

*McHugh & Baker* and *Cocke & Glasgow*, for the appellant.

*Smith & King*, *J. R. Bryan, Jr.*, *R. R. Hicks*, *A. L. Payne*, and *R. E. Scott*, for the appellees.

HARRISON, J., delivered the opinion of the court.

The charge of fraud contained in the bill filed by appellees in this case is wholly unsustained, so far as it concerns the Bankers Loan & Investment Co., the appellant here.

On August 20, 1890, B. D. Downey purchased of Mrs. May M. Simmons a house and lot in the city of Roanoke, and executed certain notes for the deferred payments. On the day of sale, Mrs. Simmons and husband executed a deed conveying the property to B. D. Downey, the purchaser, and the latter at the same time executed a deed of trust conveying the property to a trustee to secure to Mrs. Simmons the notes which had been executed to her for the purchase money. The deed of trust was duly recorded, but the deed of conveyance from Mrs. Simmons to Downey was lost or destroyed, and never recorded. The purchase money secured by the deed of

trust was evidenced by three notes, one for $1,378, which was paid at maturity, and two, each for the sum of $3,087.45, payable one and two years from date, which were transferred by Mrs. Simmons to the "Fidelity Loan & Trust Co."

Afterwards, in September, 1891, B. D. Downey requested Mrs. Simmons and husband, who had previously conveyed the property to him, to execute a new deed conveying the same property to his wife. The new deed was executed and dated back to August 20, 1890, and acknowledged on September 20, 1891. In this deed Mrs. Downey assumes and agrees to pay, as part of the purchase money, the notes executed by her husband, and secured by the deed of trust already mentioned.

Being pressed by the Fidelity Loan and Trust Co. for payment of these notes, either Downey, or his wife, it does not clearly appear which, applied to appellant for a loan with which to pay off the purchase money notes held by the Fidelity Loan & Trust Co., amounting to $7,000, agreeing to secure the amount by first lien on the property. Appellant agreed to make the loan, and accordingly, on October 1, 1891, Mrs. Downey and her husband conveyed the house and lot to a trustee to secure the same. This entire amount was paid by appellant, at the request of Mrs. Downey and her husband, to the Fidelity Loan & Trust Co., and the purchase money notes to that amount held by said company were taken up uncancelled and held by appellant for further protection, and to avoid, as stated, all contingencies and complications. This, it appears, was done under the advice of counsel, with the knowledge and consent of Mrs. Downey, her husband, and the Fidelity Loan & Trust Co. The deed of trust securing these notes also remained unreleased.

This suit was brought by certain judgment creditors of B. D. Downey to subject this house and lot to the satisfaction of their liens.

The proper accounts having been taken, and the cause coming on to be heard, the lower court held that the deed of trust

from Mrs. Downey and her husband purporting to convey the property to secure appellant the $7,000-debt mentioned therein, while good as between the parties thereto, was not a valid security superior to the judgments of appellees, against B. D. Downey; that the original purchase money notes held by the Fidelity Loan & Investment Company had been paid off and discharged, and the lien of said deed of trust satisfied; that the judgment liens reported were superior to that of appellant, and decreed accordingly.    This decree is erroneous.

Whether or not appellant was entitled to hold the notes, taken up under the circumstances already stated, as a *bona fide* purchaser for value, it is unnecessary to decide.    Under the facts and circumstances of this case, appellant was, upon well established principles of natural justice, entitled to be subrogated to the lien of the deed of trust securing the notes paid by it.    3 Pom. Eq. Jur., sec. 1212; Jones on Mortgages, sec. 877; *Gatewood* v. *Gatewood*, 75 Va. 407; *Hudson* v. *Dismukes*, 77 Va. 242; *Price* v. *Davis*, 88 Va. 939; *Kline* v. *Triplett*, 25 S. E. 886.

It was not necessary, as the lower court seems to have supposed, that the notes should have been assigned to appellant, to entitle it to the benefit of the lien.    Subrogation is a very different thing from assignment.    It is the act of the law, and the creature of a court of equity, depending not upon contract, but upon principles of law and justice.    *Gatewood* v. *Gatewood, supra.*    Nor was it necessary that appellant should have claimed specifically in its answer the right of subrogation to be entitled to its benefit; it is sufficient if the facts alleged and established by the evidence justify the court in extending its benevolent hand in relief of the party asking its aid and protection.    *Hudson* v. *Dismukes, supra.*

Nor have appellees any right to complain that appellant is subrogated to the original purchase money lien paid by it. They have no intervening equity that is prejudiced.    The lien that is preserved in favor of appellant was upon the property

before and since their judgments were obtained.    It was a debt due from their debtor, and has never been discharged by him.    Appellees are in no worse position than they were when their judgments were otained, and equity and good conscience forbid that they should be enriched at the expense of appellant.

For these reasons, the decree appealed from must be reversed, and the cause remanded for proceedings to be had therein in accordance with this opinion.

*Reversed.*