UNITED STATES ex rel. SCHAUFFLER v. UNION SURETY & GUARANTY CO. et al.

(District Court, S. D. New York. November 17, 1902.)

1. BANKRUPTCY—ACTION ON BOND OF TRUSTEE—JURISDICTION OF DISTRICT COURT.

A district court of the United States has jurisdiction of an action brought by a trustee in bankruptcy in the name of the United States on the bond of a former trustee to recover the value of property for which he has failed to account.

Action on Bond of Trustee in Bankruptcy. On demurrer to complaint.

Creevey & Rogers, for plaintiff.

Van Schaick & Norton, for Union Surety & Guaranty Company.

ADAMS, District Judge.    A bill of complaint to recover upon a defaulting trustee's bond was filed and duly served upon the defendant Surety Company, which appeared and demurred to the complaint upon the grounds that the court has not jurisdiction of the subject of the action and that the complaint does not state facts sufficient to constitute a cause of action.

The following is the complaint with a copy of the bond attached:

"United States District Court, Southern District of New York.

United States of America on relation of Frederick H. Schauffler as trustee in bankruptcy of George W. Moseley, Bankrupt, Plaintiff, against The Union Surety and Guaranty Co. and Lee A. Disbrow, Defendants.

Relator by Creevey & Rogers, his attorneys, complaining of the defendants, shows to this court and alleges as follows:—

I. That the defendant The Union Surety & Guaranty Company was at all of the times hereinafter mentioned a foreign corporation organized under and by virtue of the laws of the State of Pennsylvania, and having an office for the transacting of business in the Borough of Manhattan, New York City.

II. That heretofore and on or about the 16th day of April, 1900, George W. Moseley was in an involuntary proceeding declared a bankrupt.    That thereafter the proceeding was referred to John J. Townsend, Esq., as referee.

That on or about the 5th day of May, 1900, the first meeting of creditors of said bankrupt was held at the office of said referee, No. 45 Cedar Street, in the City of New York, Borough of Manhattan, at which meeting Lee A. Disbrow was elected and duly appointed Trustee.

The bankrupt herein had, previous to his adjudication been conducting at Philmont, New York, a knitting mill, which had proved unsuccessful, resulting in a petition by various creditors to have him adjudged a bankrupt.

Pending final decision on the involuntary proceeding, said Lee A. Disbrow had been appointed by an order of this court temporary receiver.    He had entered upon the discharge of his duties as such receiver, and was in possession of said knitting mill on the date above specified, to wit, May 5, 1900, when he was elected trustee by the creditors.

Said defendant Disbrow had not only solicited from the creditors of said bankrupt his appointment as receiver, but also solicited his appointment as trustee.    He saw a large number of the creditors personally prior to the first meeting of creditors, urging upon them the desirability of electing him as trustee and giving him authority to continue the operation of the mill, representing to said creditors that he could conduct the same with great success and realize for the creditors a larger sum than would be realized by a closing down of the mill, and a sale of the then existing assets and a distribution of the estate forthwith.

Said trustee repeated the foregoing representation, at the first meeting of creditors above referred to, and after his election as trustee stating his desire as trustee, to continue the operation of said plant.    The creditors agreed to said proposition upon condition that the personal assets of the estate, amounting to $9,832.79 as disclosed by the inventory filed by the bankrupt, should not be hazarded in the enterprise. 'In order to carry into effect said agreement, a resolution was passed at said meeting of creditors, which said resolution was subsequently incorporated in identical words, in the order of the referee, copy of which is hereto annexed and made part hereof as Exhibit 'A'.    Said resolution was as follows:—

'That the trustee of the estate of George Welles Moseley, Bankrupt, be authorized and empowered to conduct and operate the mill and manufacture goods, to purchase stock and necessary supplies for the purpose of manufacturing goods at said mill for a period not to exceed six months.

'That said trustee be authorized and allowed to borrow money or use his own funds for the purpose of material, stock and supplies and to pay the necessary expenses of operating said mill.

'From the proceeds of sales of the products of said mill said trustee be directed to first pay the employés of such mill and the necessary expenses of operating said mill and then to take out so much cash as he may have borrowed or used of his own funds, and all remaining profits to be distributed among the creditors of said Bankrupt according to law.

'Upon said trustee executing to the creditors of said Bankrupt a bond in a sum equal to the amount of the personal assets of said Bankrupt as appears by his schedules filed herein.

'Conditioned that said trustee will account and pay to said creditors such sum of money at least, as equals the amount of the personal assets as stated in said schedule amounting to $9,832.79.'

III. That thereafter the trustee entered upon the discharge of his duties and pursuant to said resolution and orders referred to, executed and filed with the clerk of this Court a bond as principal, and the defendant Union Surety and Guaranty Company as surety in the sum of Ten Thousand Dollars ($10,000) as in said resolution and orders provided, copy of which is hereto annexed and made part hereof as Exhibit 'B' (Said original resolution, orders and bond are, for greater certainty hereby referred to.)

Immediately on his appointment as trustee said Lee A. Disbrow commenced the operation of said mill and continued operating the same down to and including August 18th, 1900, or a period of a little over three months.

IV. That thereafter the creditors having failed, after repeated requests for information regarding the conduct of the said plant and of the said trust estate, on or about the 14th day of February, 1901, obtained from said referee an order requiring said trustee to file a full and complete report of his proceedings and acts as trustee. Up to and including said 14th day of February, 1901, said trustee had made no report of his proceedings and acts as trustee and had filed no account of any sort with this court or the said referee. Pursuant to said order and on the 18th day of February, 1901, said trustee filed with said referee a report. That said report is hereby referred to. That said report set forth that said trustee had no property whatever for distribution to the creditors except certain property the value of which said trustee has no knowledge. The accompanying said report was a request by said trustee for leave to sell said property belonging to said trust estate. The request of said trustee was as follows:—

'Your deponent further says that he believes owing    expenditure of a sum equal to $200 a month for watchman and fuel, he is of the opinion that he should be authorized in obtaining the approval of the referee and this court to advertise the property at public auction and dispose of the same on the best terms that can be obtained so as to preserve the amount remaining in his hands to be distributed among the creditors as otherwise the entire sum now remaining in his hands will be necessarily expended by your deponent for caretakers and fuel and nothing will be forthcoming to the creditors.'

That thereafter and pursuant to said request notices were sent to all creditors to attend a meeting of creditors to approve of the sale of the property remaining in the hands of the trustee and which appeared on his said report as undisposed of and which said trustee estimated in said report at the sum of Thirty-five hundred $^{00}$/$_{100}$ Dollars.

V. That thereafter and on the 20th day of May, 1901, said meeting of creditors was terminated and an order was made by the referee permitting a sale of the property in the hands of the trustee at public auction and directing said trustee to file at once with the referee an accurate account of the property together with the price received therefor and to whom the same was sold.

Said trustee did not sell said property and wholly failed to comply with the provisions and directions of said order and allowed said property to go to waste and to become utterly valueless.

VI. That on or about the 18th day of March, 1902, upon the motion of several creditors of said George W. Moseley, bankrupt, said Lee A. Disbrow was by an order of this court, removed as trustee of the estate of said bankrupt for mismanagement of the trust estate and on other grounds, as appears by reference to the referee's report and to said order of removal, a

copy of which is hereto annexed and made part hereof and marked Exhibit 'C' and was directed by said order of said United States District Court, Southern District of New York, to hand over all the assets, property and effects of George W. Moseley and of his estate in bankruptcy to the trustee to be elected in his place.

VII. That thereafter your relator was on the 17th day of April, 1902, duly elected and appointed trustee of the estate of George W. Moseley, bankrupt, in the place and stead of said Lee A. Disbrow, removed. That your relator thereupon duly qualified as such trustee and has ever since been and now is the trustee of said bankrupt George Welles Moseley.

VIII. That your relator has duly demanded of said Lee A. Disbrow the delivery to him of all the assets, effects and property of said bankrupt's estate, but said Disbrow has neglected and refused to deliver to your relator any property whatsoever belonging to said bankrupt's estate.

IX. That said Lee A. Disbrow has wholly failed to comply with the condition contained in said bond and among other things has failed to pay to the creditors of said bankrupt as provided in said resolution the sum of $9,832.79 or any sum or sums whatsoever.

X. That the claims of creditors filed in said proceedings and entitled to share in the property of said bankrupt largely exceed the sum of $9,832.79.

XI. That under an order of this court in the matter of George Welles Moseley, bankrupt, and upon the application of Frederick H. Schauffler as trustee herein, said trustee was authorized and empowered to bring and continue this action and in the name and form as above set forth.

Wherefore relator demands judgment against the defendants and each of them for the sum of Nine thousand eight hundred and thirty-two and $79/100$ ($9,832.79) dollars, together with interest from the commencement of this action besides the costs and expenses of this action, and for such other and further relief in the premises as may be just, and prays that a summons issue out of this court as prescribed by law directed to said defendants, requiring them to answer the foregoing bill of complaint."

"In the District Court of the United States for the Southern District of New York.

In the Matter of George Welles Moseley, Bankrupt.   In Bankruptcy.
No. 2357.

Know All Men by These Presents, That we, Lee A. Disbrow, of Brooklyn, New York, as principal, and The Union Surety and Guaranty Company of Philadelphia, a corporation organized under the laws of the State of Pennsylvania, and having its principal office in the City of Philadelphia, and lawfully transacting business in the State of New York, and having an office at 290 Broadway, Borough of Manhattan, in the City of New York and State of New York, as Surety, are held and firmly bound unto the United States of America in the sum of Ten thousand and $00/100$ Dollars, in lawful money of the United States, to be paid to the said United States, for which payment, well and truly to be made, the said Lee A. Disbrow binds himself, his heirs, executors and administrators, and said Surety Company binds itself, its successors and assigns, jointly and severally by these presents.

Signed and sealed this 15th day of June, A. D. 1900.

The condition of this obligation is such that whereas the above named Lee A. Disbrow on the 5th day of May, A. D. 1900, appointed trustee in the case pending in bankruptcy in said Court wherein George Welles Moseley is the bankrupt, and he, the said Lee A. Disbrow, accepted said trust with all the duties and obligations pertaining thereunto, including the continuance of the business as provided by such order, filed June 15th, 1900, as of May 5th, 1900,

Now, therefore, if the said Lee A. Disbrow will account and pay over to the said creditors such sum of money at least as equals the amount of the personal assets as stated in the schedules amounting to $9,832.79 as aforesaid, shall obey such orders as said Court may make in relation to said trust, and shall faithfully and truly account for all the moneys, assets and effects of the estate of said bankrupt which shall come into his hands and

possession, and shall in all respects faithfully perform all his official duties as said trustee, then this obligation to be void; otherwise to remain in full force and virtue.                                            Lee A. Disbrow. (L. S.)

Signed and sealed in presence of:

ₒ     John M. Bliss.

The Union Surety and Guaranty Company,
By Eugene Van Schaick, Chairman.

Attest: J. J. Mason, Secretary."

Section 563 of the Revised Statutes [U. S. Comp. St. 1901, p. 455] outlines the limits of jurisdiction of District Courts, apart from the Bankruptcy Act. The fourth paragraph provides for jurisdiction of all suits at common law brought by the United States, or by any officer thereof, authorized by law to sue. Under this provision, it was held by Judge Benedict (Platt v. Beach, 2 Ben. 303, Fed. Cas. No. 11,215) that a receiver of a national bank, appointed under the National Banking Act, was an officer of the United States and entitled to maintain an action in a District Court to collect a claim due the bank which he represented. There is some similarity between the case of a trustee in bankruptcy and such a receiver. It is provided in the Bankruptcy Act (section 50, [U. S. Comp. St. 1901, p. 3439]) that trustees' bonds shall be filed in the office of the clerk of the court and may be sued upon in the name of the United States for the use of any person injured by a breach of their conditions. A view that trustees in bankruptcy were intended by Congress to be regarded as officers of the United States is strengthened by the fact that provisions with respect to their bonds are practically the same as for referees' bonds and there can be no question that referees are officers of the United States. It would seem somewhat anomalous, under these provisions, if the District Courts should not have jurisdiction to enforce a defaulting trustee's bond at the instance of a succeeding trustee, and that resort must be had to another forum. Nevertheless, it is contended that the provisions of the Bankruptcy Act exclude such jurisdiction. The 23d section of the Act [U. S. Comp. St. 1901, p. 3431] provides, in effect, that the United States Circuit Courts and the State Courts shall have jurisdiction of all controversies at law and equity, as distinguished from proceedings in bankruptcy, between trustees and adverse claimants concerning property acquired or claimed by the trustee in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants. In construing the Act, the Supreme Court has held (Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175) that the District Courts can by a proposed defendant's consent but not otherwise, entertain jurisdiction over suits brought by trustees in bankruptcy to set aside fraudulent transfers of money or property, made by the bankrupt to third parties before the institution of the bankruptcy proceedings, but it has not held that District Courts are deficient in jurisdiction to enforce bonds given in the bankruptcy proceedings and which are necessarily a part thereof. In the Bardes Case, the question under consideration was one between the trustee in bankruptcy and a stranger to the bankruptcy proceedings and the decision proceeded upon that ground. Page 536,

178 U. S., page 1005, 20 Sup. Ct., and page 1181, 44 L. Ed. Here the question is one between the trustee and a party who has voluntarily assumed obligations to the United States in a pending bankruptcy proceeding. I hold that the court has jurisdiction and that the complaint states a cause of action.

Demurrer overruled with leave to the defendant to answer upon payment of costs.