[Civ. No. 2288.   Third Appellate District.—September 19, 1921.]

THE TITLE GUARANTY & SURETY COMPANY (a Corporation), Respondent, v. JOE ROSE DUARTE et al., Appellants.

[1] Sureties—Subrogation—Indemnity Bond of Sheriff.—In view of the provisions of sections 2777, 2848, and 2849 of the Civil Code, a surety on the official bond of a sheriff, which has paid a judgment rendered against it and the sheriff in an action brought against them for the illegal seizure and sale of goods under an attachment proceeding, is entitled to be subrogated to the rights of the sheriff under a bond given to indemnify him against loss on account of such seizure and sale, and may proceed against the sureties on such bond.

APPEAL from a judgment of the Superior Court of Merced County.   E. N. Rector, Judge.   Affirmed.

The facts are stated in the opinion of the court.

F. W. Henderson and Terry W. Ward for Appellants.

Edward Bickmore for Respondent.

HART, J.—This is an action against the defendants Vincent, as principal, and Joe Rose Duarte and Gonzales, as sureties, on a bond executed and given by said defendants as indemnity to the sheriff of Merced County on a sale of certain personal property seized by said officer under a writ of attachment.

The plaintiff, a corporation, is and was, at all the times mentioned in the complaint, engaged in a general guaranty and surety business, and at all said times one S. C. Cornell was sheriff of said county of Merced; that the plaintiff was at all said times and down to the date of the death of said Cornell, on the twenty-seventh day of May, 1914, the surety on the official bond of said Cornell as sheriff of said county.

It appears that the writ of attachment referred to was issued out of a justice's court in said county, in an action

1. Right of surety who pays judgment against principal to subrogation, note, 68 L. R. A. 520.

wherein the defendant Vincent was plaintiff and one Frank Duarte defendant, and that, on the twenty-sixth day of February, 1912, at Atwater, in said county, said Cornell, acting in his official capacity of sheriff, levied upon and attached a certain carload of sweet potatoes as the property of said Frank Duarte, and noticed the sale thereof for the twenty-eighth day of February, 1912, at 2 o'clock P. M. It further appears that, prior to the sale, the ownership of the carload of potatoes so levied upon was claimed by a third party, and that, to protect himself as said sheriff, from any claim or claims of damages made by any third person claiming that said potatoes were not the property of said Frank Duarte at the time of the seizure thereof under said writ of attachment or thereafter, said Cornell, as sheriff, demanded of and received from said Fred Vincent, the attaching creditor, an indemnity bond whereby he (said sheriff) would be held free or immune from any liability for damages resulting to him in the event said potatoes at the time of said attachment and sale were not the property of said Frank Duarte, defendant in said justice's court action. The condition of said bond which, as stated, was executed by the defendants Vincent, Joe Rose Duarte, and Gonzales was in the sum of $500, "to be paid to the said Sam Cornell, against any loss arising from the attachment of one carload of sweet potatoes, now supposed to be the property of Frank Duarte." It appears that the ownership of the potatoes in question at the time of their seizure and sale under the writ of attachment was claimed by a corporation designated and known as Brinkley-Douglas Fruit Company; that said corporation, after the sale of said potatoes by the sheriff, brought an action in the superior court of the county of Merced against the sheriff and the plaintiff in this action, the latter as surety on the official bond of said sheriff, claiming damages for the conversion and sale of said potatoes; that said S. C. Cornell died on the twenty-seventh day of May, 1914, and that on the fifteenth day of June, 1914, and in the superior court of Merced County, A. L. Silman was duly appointed administrator of the estate of said Cornell, deceased, and on the seventeenth day of June, 1914, duly qualified as such administrator and continuously after said last-named date until the twenty-ninth day of October, 1917, was the duly

qualified and acting administrator of said estate; that on
the fifteenth day of May, 1915, said Silman, as such admin-
istrator, was duly substituted as a party defendant in said
action instituted by said Brinkley-Douglas Fruit Company,
as plaintiff, in the place and stead of S. C. Cornell, as
sheriff of Merced County, and that on the first day of
August, 1916, a joint and several judgment in the sum
of $472, with costs taxed in the sum of $34.20, was duly
rendered and entered against said A. L. Silman, as admin-
istrator, etc., and said Title Guaranty & Surety Co., as said
surety on the official bond of said sheriff; that a motion
for a new trial in said action was denied and thereafter
said defendants appealed from said judgment and said
order denying said motion for a new trial to the district
court of appeal for the third district and that said court
of appeal affirmed the judgment and the order in said
action; that the amount of said judgment with all costs
of suit incurred during the trial of said action and the
appeal thereafter and the interest thereon amounted to the
total sum of $625.30, and that the same was paid by the
plaintiff in this action. The complaint alleges ''that at
all times after the execution of said instrument of indem-
nity, hereinbefore set forth, and up to the said death of
said S. C. Cornell, he was the owner and holder of the
same, and that at all times after said death, until the
execution of the assignment of said instrument of indem-
nity hereinafter alleged and set forth, the said estate of
said S. C. Cornell, and the heirs of the same, each repre-
sented by said A. L. Silman, as administrator of said estate,
were the owners and holders of said instrument of in-
demnity and all rights secured thereunder; that on or
about the twenty-seventh day of August, 1917, said A. L.
Silman, acting as the administrator of said estate, and in
consideration that the said plaintiff herein would duly pay
and discharge said judgment so rendered against said plain-
tiff and said A. L. Silman, as administrator of said estate,
did sell, assign, and set over unto the said plaintiff herein,
all the right, title, and interest of the said estate of said
S. C. Cornell, deceased, in and to said instrument of in-
demnity hereinbefore set forth; and said plaintiff herein
did so pay and discharge said judgment and that said as-
signment to plaintiff was duly confirmed by this court in

the matter of said estate of S. C. Cornell, deceased, on the twenty-ninth day of October, 1917, and that plaintiff, at all times since said assignment and confirmation has been, and now is, the legal owner and holder of said instrument of indemnity and all the right, title and interest of said estate, and said heirs in and to said instrument of indemnity, and any and all rights accruing thereunder and any and all right of recovery thereon.''

Upon findings substantially in accord with the averments of the second amended complaint, of which the above statement represents an epitomized *résumé*, the plaintiff was awarded judgment, from which the defendants Joe Rose Duarte and J. J. Gonzales appeal, under the alternative method.

There was no oral evidence received at the trial, the evidential features of the record consisting wholly of certain facts stipulated by the parties and certain documents. The fact of the execution of the indemnity bond, the fact of the bringing of the action by the Brinkley-Douglas Fruit Company against plaintiff here and said Cornell, the fact of a judgment having been given in favor of said fruit company in said action against the plaintiff here and Silman, as administrator and substituted defendant, and the satisfaction of said judgment by the plaintiff here, were admitted at the trial. The documentary evidence, which was admitted over objection by appellants, consisted of the petition in the estate of said Cornell, deceased, for an order confirming the sale and transfer of said indemnity bond to plaintiff and the order confirming said sale and transfer.

The discussion in the briefs revolves around attacks upon the findings, upon the ground that there is no evidence in the record which supports them and the rulings allowing in evidence the documents above mentioned. It is first contended by appellants that there was no legal assignment of the indemnity bond to plaintiff because said bond was an asset of the estate of Cornell and had, previously to the purported assignment, been distributed to the heirs of the deceased, and for the further reason that there was some irregularity in the proceeding in which the order purporting to authorize the administrator of Cornell's estate to transfer said bond was made. It is, however, argued

that, even assuming the transfer or assignment to have been valid, still the plaintiff in this case cannot claim any rights thereunder, inasmuch as the bond was given for the express purpose of indemnifying Cornell against loss by reason of selling the potatoes under the writ of attachment and so expressly provided, and, indeed, that the bond is even of no avail to the estate of Cornell, since to justify action by the administrator of said estate upon said bond it must have been made to appear that Cornell or his estate had suffered some loss by reason of the sale of the potatoes; but we regard all this discussion beside the legal propositions which are determinative of this appeal. [1] The important or real questions in this case are whether the plaintiff, having paid the judgment awarded against it and Cornell in the action for damages against them for the seizure and sale of the potatoes, and the payment of said damages having been made for the benefit of the estate of said Cornell, is entitled to have recourse to the indemnity bond as in recoupment for the moneys so expended, and if so, whether upon the payment of said damages it was subrogated to the rights of Cornell under said undertaking. It is clear that these propositions are answered by the Civil Code. Section 2777 of said code provides: "One who indemnifies another against an act to be done by the latter, is liable jointly with the person indemnified, and separately to every person injured by such act."

The above section requires no construction. Its terms are plain and unambiguous and obviously applies to a case of this character. There can be no possible doubt that the plaintiff in this case was damnified by the act of the sheriff in seizing and selling the potatoes. (See *Lewis* v. *Johns,* 34 Cal. 629, 635; *Stewart* v. *Wells,* 6 Barb. (N. Y.) 79, 81; *Freeman* v. *Adams,* 9 Johns. (N. Y.) 116.) And that upon the payment of the damages there *ipso facto* accrued to plaintiff the right of subrogation to the rights of Cornell under the indemnity bond, is a proposition free from doubt. The rules pertaining to subrogation are succinctly stated in the Civil Code as follows:

"A surety is entitled to the benefit of every security for the performance of the principal obligation held by the creditor, . . . at the time of entering into the contract

of suretyship, or · acquired by him afterwards." (Civ. Code, sec. 2849.)

"A surety, upon satisfying the obligation of the principal, is entitled to enforce every remedy which the creditor then has against the principal." (Civ. Code, sec. 2848.)

As is said by Mr. Justice Shaw in *Martin* v. *De Ornelas,* 139 Cal. 41, 49, [72 Pac. 440, 444], referring to the above code sections: "These sections are but a re-enactment of the well-settled rules of equity on the subject of subrogation or substitution. (Story's Equity Jurisprudence, secs. 495–502; Brandt on Suretyship, sec. 260 et seq.) . . . This right does not depend upon any contract, express or implied, but grows out of the relation of surety and creditor, and the principles of natural justice. (Brandt on Suretyship, sec. 260; *Hidden* v. *Bishop,* 5 R. I. 29; *Mathews* v. *Aikin,* 1 N. Y. 595.)" (See, also, 37 Cyc. 391 and 406; *Bankers Loan etc. Co.* v. *Hornish,* 94 Va. 608, [27 S. E. 459]; *Berry* v. *Bullock,* 81 Miss. 463, [33 South. 410]; *Boone Co. Bank* v. *Byrum,* 68 Ark. 71, [56 S. W. 532]; *Hawpe* v. *Baumgardner,* 103 Va. 91, [48 S. E. 554]; *Coffee* v. *Tevis,* 17 Cal. 239.)

It is true that, as a general rule, the surety only becomes subrogated to any rights of the judgment creditor, but this is not always so. As was said in *Townsend* v. *Cleveland etc. Co.,* 18 Ind. App. 568, [47 N. E. 707, 709]: "More broadly, subrogation is the substitution of one person in the place of another, whether as a creditor, or the possessor of any other rightful claim." (See, also, *Leavitt* v. *Canadian Pac. R. Co.,* 90 Me. 153, [38 L. R. A. 152, 37 Atl. 886]; *Jackson Co.* v. *Boylston Ins. Co.,* 139 Mass. 508, [52 Am. Rep. 728, 2 N. E. 103].)

From the above authorities it is · obvious that it was not necessary that the administrator of the estate of Cornell should have assigned the indemnity bond to plaintiff in order that the rights of Cornell thereunder should inure to the benefit of said plaintiff. It will also be observed that, in view of the above considerations, the rulings of the court admitting the documents above referred to in evidence and of which complaint is here made are not material to this decision. Nothing more can be added to what the

code sections above say upon the questions involved in this appeal. The judgment is affirmed.

Burnett, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 17, 1921.

All the Justices concurred except Lawlor, J., who was absent.