[Civ. No. 2354.   Fourth Appellate District.—July 12, 1940.]

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (a Corporation), Appellant, v. ROBERT K. SAMPSON et al., Defendants; J. A. ISAACSON, Respondent.

Atherton & Atherton for Appellant.

J. A. Donnelley and Richard P. MacNulty for Respondent.

MARKS, J.—This is an appeal from a judgment entered in favor of J. A. Isaacson after his general demurrer to plaintiff's complaint had been sustained without leave to amend.

At all times material here Isaacson was referee in bankruptcy of the United States District Court, Southern District of California, Southern Division. He appointed Robert K. Sampson receiver and trustee in bankruptcy in the twenty estates in bankruptcy involved here. Plaintiff became surety for Sampson in each of those estates. Because of embezzlements from them the surety had to pay about sixteen thousand dollars to the referee in bankruptcy who succeeded Isaacson in that office. Plaintiff sought to recover from Sampson the total amount misappropriated, and from Isaacson a lesser amount, in the embezzlement and use of which it is alleged he participated.

The complaint contains twenty causes of action. As each involves the same principle we find it necessary to summarize the allegations of but one of them.

The foregoing facts are alleged in detail, as is the corporate existence of plaintiff. It is alleged that Sampson embezzled and misappropriated to his own use money belonging to the estates coming into his possession; that Sampson and Isaacson conspired and colluded together to misappropriate

funds of the estates to their own use; that all checks on estate funds drawn by Sampson were countersigned by Isaacson, who knew that the funds withdrawn by such checks were being misappropriated and converted; that plaintiff repaid the money so embezzled to such estates under the terms of its bonds; that in the estate of Walter J. Carr, a bankrupt, Sampson issued four checks in the total sum of $341.42, all countersigned by Isaacson; that two of those checks were payable to Sampson and two to Isaacson; "that all of said checks were spurious checks and were wrongfully issued without any value or consideration, and were cashed by the said defendants and the money realized therefrom was misappropriated and converted by said defendants to their own use"; that Sampson collected $25 belonging to the estate which he appropriated to his own use and which he did not account for, and that he also received $13.73 as trustee's fees in excess of the amount to which he was legally entitled. No recovery was sought against Isaacson for these latter amounts.

■ Counsel for Isaacson seek to support the judgment on two principal grounds. First, it is urged that when plaintiff paid the defalcations it extinguished the liability of its bonds and can maintain no action upon them other than against its principal, Sampson, under sections 2847 and 2848 of the Civil Code and the authority of *Yule* v. *Bishop,* 133 Cal. 574 [62 Pac. 68, 65 Pac. 1094]. Second, it is urged that if the action be considered as one in tort there can be no contribution between joint tort-feasors; that as plaintiff must stand in the shoes of its principal, Sampson, it can claim no contribution from Isaacson, who must be regarded as a joint tort-feasor.

There can be no question of the general soundness of the authorities cited, but their application to the factual situation here presented is not apparent. Rather, this case comes under the broad doctrine of subrogation and the provisions of section 2849 of the Civil Code. The first two sections cited have more to do with the reimbursement of the surety through contribution than with subrogation. The last-cited section permits the subrogation of the surety in the place of the creditor and gives the surety the right to follow every security held by the creditor for the original debt.

The case of *Yule* v. *Bishop, supra,* cannot be considered as authority supporting the position of Isaacson. That case merely held that when a surety paid the note of a corporation

the obligation of the note was extinguished and that suit on the note could not be maintained against the corporate stockholders. It also held that the surety could recover against the stockholders under their statutory liability; that the payment of the note by the surety created a new obligation upon which the stockholders of record at the time of the payment could be held.

There is no attempt here to sue Isaacson on the obligations of the bonds to which he was not a party. The action is to recover from him money which he and Sampson wrongfully appropriated to their own use and which obligations the surety had to pay.

*United States* v. *Union Surety & Guaranty Co.,* 118 Fed. 482, holds that a trustee in bankruptcy is considered the person who has been injured by the misappropriation of the funds of a bankrupt estate by a former trustee; that he is the proper party plaintiff to bring an action to recover funds misappropriated by the former trustee. He, therefore, must be regarded as the creditor to whose rights the surety is subrogated upon payment of the defalcation under the clear provisions of section 2849 of the Civil Code. (*Title Guaranty etc. Co.* v. *Duarte,* 54 Cal. App. 260 [201 Pac. 790]; *King* v. *Hartford Acc. & Indem. Co.,* 133 Cal. App. 711 [24 Pac. (2d) 906]; *Estate of Elizalde,* 182 Cal. 427 [188 Pac. 560]; 23 Cal. Jur. 930, and cases cited.)

It would seem too clear to need any extensive citation of supporting authorities that the new trustee in bankruptcy could have maintained an action against Isaacson to recover the money which the latter had wrongfully extracted from the bankrupt estates and which he had retained and had refused to return. As the surety was compelled to make good those defalcations it was subrogated to all of the rights of the trustee against Isaacson. (*County of San Diego* v. *Croghan,* 2 Cal. App. (2d) 494 [38 Pac. (2d) 474]; *Meyers* v. *Bank of America,* 11 Cal. (2d) 92 [77 Pac. (2d) 1084]; *United States Fidelity & Guaranty Co.* v. *Title Guaranty & Surety Co.,* 200 Fed. 443; *National Surety Co.* v. *State Sav. Bank,* 156 Fed. 21 [13 Ann. Cas. 421, 14 L. R. A. (N. S.) 155]; *Street* v. *Pacific Indemnity Co.,* 79 Fed. (2d) 68; *United States Fidelity & Guaranty Co.* v. *Citizens Nat. Bank,* 13 Fed. (2d) 213.) As the new trustee could have proceeded to recover the money Isaacson assisted in embezzling, and as plaintiff

was subrogated to the rights of the new trustee when it made good the defalcations, it could maintain this action against Isaacson.

It follows that the complaint stated causes of action against Isaacson and that the general demurrer was wrongfully sustained.

The judgment is reversed with instructions to the trial court to overrule the demurrer and give Isaacson a reasonable time in which to answer the complaint.

Barnard, P. J., and Griffin, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 4, 1940.