[Civ. No. 3945.  First Appellate District, Division One.—October 14, 1921.]

# YOKOHAMA SPECIE BANK, LIMITED, Respondent, v. TRANS-OCEANIC COMPANY, Appellant.

[1] REPLEVIN—RECOVERY OF STEEL RAILS—SURREPTITIOUS WITHDRAWAL FROM WAREHOUSE—EVIDENCE—FINDINGS.—In this action in replevin to recover possession of certain steel rails and accessories which had been taken from a warehouse by a third party and delivered to defendant, there having been ample testimony on the part of the plaintiff to support its position that the withdrawal of the rails from the warehouse by such third party and their delivery to defendant was surreptitious, without plaintiff's knowledge, and in fraud of plaintiff's rights, and the defendant having offered no evidence in rebuttal, the finding of the jury in favor of the plaintiff was conclusive of the controversy on that point.

[2] ID. — DELIVERY OF BILLS OF LADING AND WAREHOUSE RECEIPTS — PLEDGE—RIGHT TO MAINTAIN REPLEVIN ACTION.—The delivery by the owner of the rails to plaintiff of the various bills of lading and the non-negotiable warehouse receipts for the rails, as evidence of security for loans made by plaintiff to such owner, was a sufficient delivery to constitute a valid and binding pledge, and was a symbolical delivery of the rails which vested a special property in plaintiff sufficient to enable it to maintain replevin against defendant, to whom the rails had been surreptitiously delivered by a third party, without plaintiff's knowledge, and in fraud of plaintiff's rights.

[3] ID. — FAILURE TO ASSERT LIEN UPON DEMAND FOR PROPERTY — WAIVER.—The defendant in such replevin action waived its lien, if it ever had any, by its failure to set it up upon demand being made by plaintiff for the delivery of the property.

[4] PLEADING—RIGHT OF PLAINTIFF TO DO BUSINESS IN STATE—PUBLIC RECORD—DENIAL ON INFORMATION AND BELIEF.—The denial on information and belief that plaintiff, a corporation organized under the laws of a specified foreign country, was authorized to do business in this state was insufficient to raise an issue as to the fact, which could be ascertained from an examination of the public records of the state.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan H. Frank and Irving H. Frank for Appellant.

Earll H. Webb, Bert Schlesinger and S. C. Wright for Respondent.

WASTE, P. J.—Plaintiff and respondent brought this action to recover from the defendant and appellant possession of 920 tons of steel rails and accessories, or $75,000, the value thereof. The jury returned a verdict in favor of the plaintiff and against the defendant for possession of the property, and for costs. From the judgment entered thereon the defendant has appealed.

The quantity of steel rails in question was pledged by the Sakura Trading Company, a partnership, its owner, to the respondent as security for loans aggregating $100,000, evidenced by a note for that amount. The money was advanced to enable the partnership to pay for the rails, which were manufactured in Chicago for shipment to Japan. Bills of lading covering the rails were presented to the bank, and drafts representing the purchase price were paid by it. When the rails arrived in San Francisco these bills of lading were delivered by respondent to the Sakura Trading Company to enable it to obtain delivery. The Sakura Trading Company delivered the bills of lading to W. J. Ahern, operating as the Independent Trading Company, who obtained the rails from the carrier and stored them in a warehouse. Non-negotiable warehouse receipts were issued in the name of the Independent Trading Company. Ahern indorsed and delivered these receipts to the Sakura Trading Company, which, in turn, delivered them to the bank. The receipts were then returned by the bank to the Sakura Trading Company in order that they might be changed to negotiable receipts, to be redelivered to the bank. Ahern withdrew the rails from the warehouse and delivered them to appellant's wharf, taking from the appellant four receipts, which appear to have been returned to the respondent. Contending that the action of Ahern in withdrawing the property from the warehouse and delivering it to the appellant was without its knowledge or consent, the bank notified the defendant that it was entitled to possession of the steel rails; that neither the shipper nor the bank had consented to the shipment of the property to Japan

by the defendant. Defendant refused to surrender the property. The present action in replevin was then brought by the bank. The rails were taken from the possession of the defendant by preliminary statutory proceedings and the giving of a bond.

It was the contention of the appellant that the warehouse receipts were delivered by the respondent to Ahern for the purpose of enabling the rails to be withdrawn from storage and delivered to it, to be transported to Japan, pursuant to arrangements theretofore made by Ahern on behalf of the Sakura Trading Company. [1] The position taken by the respondent was that the withdrawal of the rails from the warehouse by Ahern and their delivery to the appellant was surreptitious, without its knowledge, and in fraud of its rights. On the issue thus presented there was ample testimony on the part of the respondent to support its position. The appellant offered no evidence in rebuttal. Consequently the finding of the jury is conclusive of the controversy on that point. The probability, or the possibility, of the situation claimed by the respondent to exist, were matters addressed to the consideration of the jurors in the court below. This court is not called upon to pass upon those questions on appeal. The fact that the final collateral note, the one for $100,000, given to the bank by R. Sadanaga for the Sakura Trading Company, by its terms recited that it was secured by "26,860 pieces of Steel Rails, covered Trans-Oceanic Company's receipts (No. 11, No. 18, No. 33 and No. 40)," is without significance in view of the real nature of the entire transaction.

[2] The respondent had advanced large sums of money to the Sakura Trading Company. The delivery by that company to the bank of the various bills of lading and the non-negotiable warehouse receipts, as evidence of security for the loans, was a sufficient delivery to constitute a valid and binding pledge, and was a symbolical delivery of the rails which vested a special property in the respondent sufficient to enable it to maintain replevin against the appellant. (*Callahan* v. *Marshall*, 163 Cal. 552, 558 [126 Pac. 358]; 21 R. C. L. 644.) In addition there were the various promissory notes (several were executed as the shipments arrived from the east), each carrying an express pledge of

the rails by apt words and description, as security for the specified advances. The surreptitious taking by Ahern and the delivery of the rails to the appellant did not operate to destroy respondent's rights in the premises.

[3] For another reason the judgment should be affirmed. Appellant in its answer to the replevin suit admitted the possession of the rails, and its refusal after demand to deliver the same. No claim is asserted in the answer that the appellant is a creditor of the Sakura Trading Company, the real owner of the property, nor was there any claim that the appellant has any interest in the property in controversy, nor any lien in good faith for value, or otherwise. Appellant therefore waived a lien, if it ever had any, by its failure to set it up upon demand being made for the delivery of the property. (*Williams* v. *Ashe*, 111 Cal. 180, 184 [43 Pac. 595]; *Lee* v. *De la Motte et al.*, 47 Cal. App. 23 [189 Pac. 1034].)

[4] The respondent, which is a corporation organized under the laws of the empire of Japan, alleged that it was authorized to do business in the state of California. The appellant denied the allegation on information and belief, which was insufficient to raise an issue as to the fact, which could be ascertained from an examination of the public records of the state. (*Mullally* v. *Townsend*, 119 Cal. 47, 54 [50 Pac. 1066]; *Mulcahy* v. *Buckley*, 100 Cal. 484, 489 [35 Pac. 144].) Notwithstanding the impotency of the denial, appellant now contends that the parties tried the case upon the theory that the answer raised an issue in the court below, and that the proof was insufficient to sustain the allegation. Appellant is mistaken. Both the trial court and the respondent took the view that no issue was raised by the answer, and the trial proceeded on that theory.

Certain errors, alleged to have been committed by the trial court as to rulings on evidence, and in the matter of instructions to the jury, are called to our attention. From our examination of the record we are satisfied there is no merit in the points thus made.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 12, 1921.

All the Justices concurred, except Richards, J., *pro tem.,* and Waste, J., who did not vote.