[Civ. No. 5254. First Appellate District, Division Two.—November 23, 1925.]

RIVERSIDE PORTLAND CEMENT COMPANY (a Corporation), Respondent, v. ANCHOR LAUNDRY COMPANY (a Corporation), Defendant; M. E. SCHAFFER, Intervener and Appellant.

[1] Pledge—Corporate Stock — Authority to Indorse Promissory Notes—Immaterial Evidence.—In this action against a corporation to compel it to transfer to plaintiff certain shares of stock which had been assigned to plaintiff as security for certain indebtedness owing to plaintiff, and which had been the subject of a prior action by plaintiff against the assignor of said stock and others, which was dismissed and the attachments therein levied released in consideration of the making of said assignment, the contention of the assignor of said stock (who had intervened in the action) that there was no authority shown authorizing a certain individual to sign the name of one of the corporations as indorsements on the promissory notes sued on by plaintiff in the former action was entirely immaterial, so far as the rights of the parties in the later action were concerned.

[2] ID.—FRAUD—FINDINGS—APPEAL.—In such action, the appellate court was bound by the findings of the trial court in favor of plaintiff and against said intervener on the latter's allegations that he signed the notes which had been the subject of plaintiff's prior action through certain misrepresentations and fraudulent practices made by the agents of plaintiff.

[3] ID. — ORDER FOR DELIVERY OF STOCK — CONSTRUCTIVE DELIVERY— VALID PLEDGE.—Where at the time of the execution of the written instrument under which plaintiff claimed the stock said stock was in the possession of a third party, and one of the provisions of said written instrument was in legal effect an order for the delivery of said stock to plaintiff, it constituted a sufficient constructive delivery of the stock to create a valid pledge.

[4] ID.—OWNERSHIP OF STOCK—ERRONEOUS ASSERTION BY PLEDGEE— FORFEITURE OF LIEN.—The act of plaintiff in asserting a claim of ownership of said stock and in commencing said action to compel the corporation to transfer the stock to plaintiff on the books of the corporation, did not have the effect of creating a forfeiture of plaintiff's lien, where there was nothing to show that plaintiff's acts were not made in good faith, or that plaintiff was not acting within its rights, and, when the trial court granted its order of nonsuit, in effect holding that plaintiff merely held the stock as security for the notes which had been signed by intervener, plaintiff accepted the ruling and did not thereafter assert any other claim to the stock.

---

(1) 14 C. J., p. 770, n. 33.   (2) 4 C. J., p. 883, n. 33.   (3) 14 C. J., p. 723, n. 51.   (4) 14 C. J., p. 722, n. 39, p. 730, n. 63 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

G. C. O'Connell for Appellant.

G. C. DeGarmo and O'Melveny, Millikin, Tuller & Macneil for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to compel it to transfer on its books certain shares of stock. The defendant appeared and answered the plaintiff's complaint. Later M. E. Schaffer

---

2.  See 2 Cal. Jur. 921; 2 R. C. L. 204.
3.  See 6 Cal. Jur. 816; 7 R. C. L. 280.

appeared as intervener and filed a pleading by him called a cross-complaint, in which he set forth a claim of title to the same stock and asked relief against the original plaintiff and original defendant accordingly. Schaffer's pleading was answered by the original parties filing separate answers. A trial was had before the court sitting without a jury. The trial court entered an order of nonsuit against the plaintiff and no appeal has been taken from that order. The trial court made findings in favor of the original plaintiff and against the intervener, and ordered a judgment that the intervener take nothing and that the plaintiff and intervener each pay their own costs. From that judgment the intervener has appealed and has brought up a bill of exceptions.

Prior to the twenty-fifth day of July, 1919, the plaintiff had been attempting to collect certain promissory notes which were past due. Accordingly it had caused to be commenced an action in the superior court of the state of California in and for the county of Los Angeles, which action was entitled *James H. Woods* v. *M. E. Schaffer, E. J. Knight Company, a Corporation, and S-C Contracting Company, a Corporation.* The plaintiff in that action took out a writ of attachment against M. E. Schaffer and caused the same to be levied on certain real property belonging to Schaffer, and also to be levied upon two hundred shares of capital stock of the Anchor Laundry Company which was owned by him but was pledged to Hellman Commercial Trust and Savings Bank as security for the payment of two other promissory notes. Said last-mentioned action had not been brought to trial and was still pending on July 25, 1919. On that date the plaintiff and M. E. Schaffer entered into a contract in words and figures as follows, to-wit:

"Los Angeles, California, July 25th, 1919.

"For value received, I hereby sell, assign and transfer to the Riverside Portland Cement Company, a corporation, of Los Angeles, California, all of my right, title and interest in and to 200 shares of stock of the Anchor Laundry Company, a corporation, of Los Angeles, California, evidenced by certificates No. 1 for 40 shares, No. 2 for 40 shares, No. 3 for 40 shares, No. 4 for 40 shares, No. 23 for 39 shares and No. 24 for one share, which said stock

is now held by the Hellman Commercial Trust & Savings Bank as security for a promissory note for $12,000.00 executed by M. E. Schaffer, and another note for $6,400.00 executed by the said M. E. Schaffer, both in favor of the Hellman Commercial Trust & Savings Bank.

"This assignment is executed as security for any indebtedness owing by the undersigned to said Riverside Portland Cement Company and involved in the action of *Jas. H. Woods,* v. *M. E. Schaffer et al.,* No B–65944, Superior Court of Los Angeles county, and is given in lieu of the attachment issued in said action on said stock and on certain real property in the city of Los Angeles, known and described as No. 950 South St. Andrews place; and it is understood that upon the execution of this assignment the said attachment shall be released upon said stock and upon said real property levied upon under said writ of attachment.

"The undersigned hereby represents that the notes referred to and described in the above-entitled action, and the two notes above referred to executed by the undersigned to the Hellman Commercial Trust & Savings Bank, constitute the only indebtedness owing by the undersigned at the present time, and said attachment is to be released upon such representation and understanding.

"The undersigned further agrees to use his best endeavors to secure renewals and extensions of said notes above described payable to the Hellman Commercial Trust & Savings Bank and of the indebtedness thereby evidenced, for a period of one year from date hereof, and to that end agrees to sign such new notes as may be required by said bank for that purpose. At the end of said one year period, or sooner, at the option of the Riverside Portland Cement Company, the said company may pay off said notes due said Hellman Commercial Trust & Savings Bank, and in that case it is to accept and take over said stock above described in full settlement of all claims and demands against said M. E. Schaffer, under said notes last mentioned, either individually or as endorser on the notes described in said action No. B–65944, or as a stockholder and director in the E. J. Knight Company, a corporation, of Los Angeles, California; and said action No. B–65944 shall thereupon be dismissed.

"And for the purpose of carrying into effect the provisions of the preceding paragraph, the said Hellman Commercial Trust & Savings Bank is authorized and directed to deliver to the order of said Riverside Portland Cement Company the stock above described, upon payment of said two notes above referred to, payable to said bank, and said Riverside Portland Cement Company is hereby given full power and authority to surrender said stock to the Anchor Laundry Company and to have the same reissued in the name or to the order of said Riverside Portland Cement Company.

"RIVERSIDE PORTLAND CEMENT COMPANY.

"JOHN TREANOR, Manager.

"M. E. SCHAFFER."

On the twenty-fifth day of July, 1920, the plaintiff paid the Hellman Commercial Trust & Savings Bank the amount owing to that bank on the two promissory notes and received from the bank the certificates of stock which are the subject matter of this suit. At the same time the plaintiff caused to be dismissed the action entitled *Woods* v. *Schaffer et al.*

[1] As showing a want of title in the plaintiff, and as showing title in himself, the appellant contends that there was no authority shown authorizing E. J. Knight to sign the name of the E. J. Knight Company as indorsements on the notes sued on by the plaintiff in *Woods* v. *Schaffer*. The trial court found the facts against the appellant. However, the subject was entirely immaterial so far as the rights of the parties in the instant case are concerned.

[2] The appellant also sought to show that he had signed the same notes through certain misrepresentations and fraudulent practices made by the agents of the plaintiff. The trial court made findings on those allegations and all of the findings are against the appellant. The most that can be said is that the evidence is conflicting, but we are hardly prepared to state that there is any conflict in the evidence. Be that as it may, the case presents an instance in which a court of appeal is bound by the findings made by the trial court.

[3] The foregoing considerations bring us to a construction of the instrument dated July 25, 1919. By granting to the Anchor Company a motion of nonsuit, the

trial court in effect held that said instrument did not constitute an absolute transfer from Schaffer to the Riverside Company of the shares of stock when, on July 25, 1920, that company paid off the Hellman Bank and dismissed the action entitled *Woods* v. *Schaffer et als.* Such determination was in legal effect to hold that the Riverside Company after paying off the bank's claim held the certificates of stock as additional security to secure the notes which it held signed by the intervener. However, the appellant contends that no pledge was created in favor of the Riverside Company because on July 25, 1919, the stock was not manually delivered by the intervener into the hands of the Riverside Company. The instrument dated July 25, 1919, and in particular the last paragraph thereof, was in legal effect an order for the delivery of the stock and as such constituted a sufficient constructive delivery. (*Yokohama Specie Bank* v. *Trans-Oceanic Co.*, 54 Cal. App. 533 [202 Pac. 346].)

[4] Conceding that the Riverside Company at one time had a valid lien, the appellant then asserts that the lien was forfeited when the Riverside Company thereafter asserted a claim of ownership and asked the Anchor Laundry Company to transfer the stock to the Riverside Company, and upon its refusal to do so thereafter commenced an action to compel the Anchor Company to make the transfer. The claim is without merit. There is nothing in the record to show that the acts of the Riverside Company were not made in good faith, or, to put it in another way, there is nothing to show that the Riverside Company was not within its rights in making the application which it made. However, when the trial court granted its order of nonsuit the Riverside Company accepted the ruling and since that date has not asserted any claim other than that it holds the stock to secure the notes which were signed by the intervener.

Again the intervener complains that the document dated July 25, 1919, provides for a forfeiture of the stock subject to the lien and is in restraint of the right of redemption and is therefore void. A most casual reading of the instrument shows that it contains no forfeiture and contains no restraint on the right of redemption.

Other points made by the appellant are not of sufficient importance to prolong this opinion.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 21, 1926.