[Civ. No. 3584. Third Appellate District.—October 20, 1928.]

RIVERSIDE PORTLAND CEMENT CO. (a Corporation), Respondent, v. ANCHOR LAUNDRY CO. (a Corporation) et al., Defendants; M. E. SCHAFFER, Appellant.

G. C. O'Connell for Appellant.

G. C. DeGarmo, H. B. Cornell and O'Melveny, Millikin & Tuller for Respondent.

FINCH, P. J.—July 25, 1919, the appellant executed the contract set out in full in *Riverside Portland Cement Co.* v. *Anchor Laundry Co.*, 75 Cal. App. 286, 288 [242 Pac. 879], by the terms of which he assigned 200 shares of the capital stock of the Anchor Laundry Company (then held by the Hellman Commercial Trust & Savings Bank in pledge to secure the payment of his two promissory notes in the total sum of $18,400) as security for the payment of a series of notes of $5,000 each executed by him and payable to the plaintiff. The first of these notes became due and payable May 6, 1918; the second June 5, 1918, and the others at later dates. The plaintiff paid the Hellman Bank the amount due on the appellant's aforesaid notes and received delivery of the 200 shares of stock. May 5, 1922, the plaintiff brought an action to recover from appellant and others the amount of all the promissory notes, but did not seek in that action to foreclose its lien on the capital stock. June 29, 1922, the plaintiff caused the 200 shares of stock to be duly

sold to satisfy the whole of the appellant's indebtedness to it, including the amount paid by it to the Hellman Bank on account of the appellant's aforesaid two notes. Thereafter the plaintiff made demand upon the Anchor Laundry Company for the transfer of the 200 shares of stock on the books of that company. The demand was refused and thereupon this action was commenced to compel such transfer. Judgment was entered in favor of the plaintiff and this appeal is from the judgment.

Appellant contends that at the time the stock was sold the statute of limitations had run against the first and the second notes of the series and that the lien of the pledge was thereby extinguished as to them, citing section 2911 of the Civil Code, which reads: "A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." By bringing the action upon the notes, as stated, however, the plaintiff kept its lien alive. (*Commercial Savings Bank* v. *Hornberger*, 140 Cal. 16, 21 [73 Pac. 625].)

Appellant further contends that the stock was not pledged to the plaintiff as security for the amount it paid to the Hellman Bank on his notes. Upon payment of the amount of such notes the plaintiff became subrogated to all the benefits of the bank's lien on the stock. (Civ. Code, secs. 2903, 2904, and 2876.)

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.