[Civ. No. 8090. First Appellate District, Division Two.—October 9, 1931.]

H. T. JOHNSON, Appellant, v. MORTGAGE GUARANTEE COMPANY (a Corporation), et al., Defendants; NATIONAL SURETY COMPANY (a Corporation), Respondent.

Willedd Andrews for Appellant.

Bailie, Turner & Lake and Allen T. Lynch for Respondent.

JAMISON, J., *pro tem.*—Plaintiff brought this action to establish a trust in his favor in certain real estate of which the National Surety Company claims to be the owner, for an accounting by the National Surety Company and the appointment of a receiver.

The National Surety Company by its answer denied that it held said property in trust for plaintiff and filed a cross-complaint alleging therein that it was the owner of the property and that plaintiff had no right, title or interest therein. Judgment was rendered in favor of National Surety Company and from this judgment plaintiff appeals.

Substantially the facts of this case are as follows: In February, 1926, appellant, who was a contractor, entered into a contract with Carrie E. Craig and Jeannette Lohrum, who were the owners of the property described in the complaint, for the erection thereon of a French villa of nineteen houses for the contract price of $91,763, and for the faithful performance of said contract respondent executed on behalf of appellant a builder's bond in the sum of $22,941 and a laborers' and materialmen's bond in the sum of $45,882 conditioned for the payment of claims of laborers and materialmen performing labor or furnishing material to be used in the performance of the work under said contract. As part payment of the contract price for the construction of said buildings, the said Carrie E. Craig and Jeannette Lohrum on February 19, 1926, executed their promissory note to appellant for the sum of $42,500 payable in installments of $500 per month until February 15, 1928, when the remainder was to be paid in full, and as security

for said promissory note they executed a deed of trust on said property to the Title Guarantee and Trust Company, as trustee, in favor of appellant, said deed of trust being subject to a trust deed executed by the said Carrie E. Craig and Jeannette Lohrum to the Title Guarantee and Trust Company for the benefit of the Mortgage Guarantee Company dated February 19, 1926, for the sum of $65,000. On or about March 1, 1926, appellant executed to the Hammond Lumber Company his promissory note for $32,500 payable on or before six months after date and as collateral security for the payment of same transferred to the Hammond Lumber Company the said note for $42,500 secured by the deed of trust as aforesaid. On December 29, 1926, the Hammond Lumber Company executed and delivered to respondent an assignment of the note for $32,500 and the deed of trust securing same, the consideration for said assignment being the sum of $20,486.65, which was the amount owing to said Hammond Lumber Company by appellant for material furnished under said contract. Thereafter on or about September 27, 1927, respondent made a private sale of the deed of trust, which was executed as collateral security securing the said $42,500 promissory note and at that sale respondent became the purchaser thereof. Thereafter, default having been made by Carrie E. Craig and Jeannette Lohrum in the payment of certain installments of the said $42,500 note, respondent caused a sale to be made of the property covered by said deed of trust by the trustee named therein, and at said sale respondent became the purchaser of said property, and thereupon the said trustee executed and delivered to respondent a trustee's deed for said property.

At the trial of this case, it appearing that the Mortgage Guarantee Company had assigned its beneficial interest in the first deed of trust for $65,000 to the Metropolitan Life Insurance Company, the action was dismissed as to it, it being conceded by appellant and respondent that said $65,000 deed of trust is a first lien on said property. At the trial it was stipulated by counsel for the respective parties that the evidence would be restricted to the issue whether or not respondent acquired and held the property involved in the action in trust for appellant, and that no evidence should be introduced regarding the accounting until

420

the court should first determine that respondent did acquire and hold the said property in trust for appellant.

The first and main contention of appellant is that when respondent made the alleged purchase of the $32,500 note from the Hammond Lumber Company, paying therefor the amount that appellant was owing the Hammond Lumber Company for material used in the construction of said buildings, namely $20,486.65, such payment extinguished the said note and thereupon appellant became entitled to the said deed of trust. ▮ It is the well-settled law of this state that when a surety pays a debt for which he is liable as such surety, he thereby extinguishes the debt and his remedy is against the principal upon the implied obligation of the principal to reimburse him. (*Yule* v. *Bishop*, 133 Cal. 574 [62 Pac. 68, 65 Pac. 1094]; *Bray* v. *Cohn*, 7 Cal. App. 124 [93 Pac. 893]; *Crystal* v. *Hutton*, 1 Cal. App. 251 [81 Pac. 1115]; *W. H. Marston Co.* v. *Fisheries Co.*, 201 Cal. 715 [258 Pac. 933].)

▮ Respondent, while conceding this to be the law, claims that its transaction with the Hammond Lumber Company was not a payment by it as surety of a debt owing by appellant to the Hammond Lumber Company, but on the contrary, was the purchase of said note which appellant had executed to said company, and the trial court so found.

In his amended complaint appellant alleges the respondent, having issued its bonds to protect the owners and to guarantee the payment of the claims for material supplied and labor performed, under the provisions of the application for said bonds, was entitled to take over and hold the said trust deed. That it became necessary for respondent to take over the said deed of trust to protect it in the payment of liens filed against the property and that respondent did take over said trust deed as security therefor, and that it became necessary, through the failure of the makers of said trust deed to pay the sums secured thereby, to foreclose the said deed of trust which respondent did, and at the foreclosure sale purchased the said property and is now the owner thereof. And in his answer to the cross-complaint he alleges that under and by virtue of the terms of the application for said bonds, he assigned to respondent as security to protect it for any money paid out by it, the said trust deed in the

sum of $42,500 covering the real property whereon the said buildings are situated. Furthermore, at the trial of the case appellant introduced in evidence an arbitration agreement signed by himself as one of the parties thereto, in which, referring to the $32,500 note, it was set forth therein that respondent did become the purchaser of same and is now the owner thereof.

In the face of these admissions it certainly does not lie in the mouth of appellant to say that by the payment to the Hammond Lumber Company, as a consideration for the $32,500 note, of the sum owing to said company by appellant for material furnished, that thereby respondent's only remedy was to proceed against appellant for reimbursement.

But assuming that instead of purchasing the $32,500 note respondent as surety paid the debt which appellant owed the Hammond Lumber Company. In that event as such surety, he would have the right to be subrogated to whatever interest the Hammond Lumber Company had in the said deed of trust. In the case of *Title Guarantee etc. Co.* v. *Duarte,* 54 Cal. App. 260 [201 Pac. 790, 792], Justice Hart said: "A surety is entitled to the benefit of every security for the performance of the principal obligation held by the creditor, . . . at the time of entering into the contract of suretyship, or acquired by him afterwards. (Civ. Code, sec. 2849.) 'A surety, upon satisfying the obligation of the principal, is entitled to enforce every remedy which the creditor then has against the principal.' (Civ. Code, sec. 2848.) As is said by Mr. Justice Shaw in *Martin* v. *De-Ornelas,* 139 Cal. 41, 49 [72 Pac. 440, 444], referring to the above code sections: 'These sections are but a reenactment of the well-settled rules of equity on the subject of subrogation or substitution. (Story's Equity Juris., secs. 495–502; Brandt on Suretyship, secs. 260 et seq.)' "

The second contention of appellant is as follows: "That by purchasing said note at the sale made by it on September 27, 1927, the respondent purchased what it had no right to sell. If it had any right to sell said note it had no right to sell it at private sale."

We infer from this contention that appellant claims that the note for $42,500 and the deed of trust being a pledge that respondent had no right to sell them. Section 3006

of the Civil Code provides that the pledgee cannot sell the evidence of debt, but may proceed to collect it. But as the provisions of this section are for the benefit of the pledgor he may waive them. (*Traders Bank* v. *Wilcox*, 42 Cal. App. 24 [183 Pac. 256]; *Gault* v. *Wiens*, 32 Cal. App. 1 [161 Pac. 996]; *McArthur* v. *Magee*, 114 Cal. 126 [45 Pac. 1068].) In the case under consideration appellant expressly waived the provisions of said section 3006 by his agreement contained in the assignment of the said securities to the Hammond Lumber Company. Therein he stipulated that should any part of the said note remain due or unpaid the Hammond Lumber Company or its assigns had full power and authority to sell or collect said collateral securities, and in case of sale, said Hammond Lumber Company or assigns was authorized to sell said securities at public or private sale and said company or its assigns might become the purchaser at said sale.

■ The third contention of appellant is that respondent is not the legal owner of the note secured by said trust deed and had no right to bid in the property as owner of said note or beneficiary of said deed of trust. ■ A pledgee may assign his interest in the collateral to an assignee who thereupon holds the pledged property in the same capacity as the original pledgee held it. (*Revert* v. *Hesse*, 184 Cal. 295 [193 Pac. 943]; *Pease* v. *Fitzgerald*, 31 Cal. App. 727 [161 Pac. 506].) ■ The holder of pledged property may himself become the purchaser of it and by virtue of the sale take absolute title to the property, unless it be shown that he obtained the title by fraud. (*Kelly* v. *Matlock*, 85 Cal. 122 [24 Pac. 642]; *Wright* v. *Ross*, 36 Cal. 415; *Hoult* v. *Ramsbottom*, 127 Cal. 171 [59 Pac. 587].)

■ Appellant attacks those findings of the court which denied his ownership of said property and which found such ownership to be in respondent. We are of the opinion that the findings are supported by the evidence.

■ Appellant claims the respondent, being a foreign corporation, failed to comply with the requirements of section 405 of the Political Code, and that having so failed under the provisions of section 409 of said code, its contracts relating to property within this state are void. A careful search of the record fails to disclose any evidence that re-

spondent had not complied with the requirements of said section 405.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.