[Civ. No. 14563.   Second Dist., Div. Two.   Oct. 17, 1944.]

LILLIAN R. BARTH, as Executrix, etc., Respondent, v. DR. LEO JOEL ADELSTEIN, Appellant.

August J. O'Connor and George J. Hider for Appellant.

William H. Brawner for Respondent.

MOORE, P. J.—Respondent sued appellant for $2,701.48 balance on account of money paid, laid out and expended to and for the use and benefit of defendant by J. A. Hogle & Co., herein referred to as Hogle. Appellant's account with Hogle having been guaranteed by Louis G. Barth, Hogle made demand for payment thereof upon the executrix of Barth's estate. She paid the account, took an assignment thereof and in turn requested appellant to pay her the amount she had paid to Hogle.

Although appellant was present at the trial he made no defense other than to object to the offer of appellant's account taken from the ledger of Hogle. He grounds his appeal upon (1) the court's order overruling such objection and (2) the insufficiency of the evidence to support the findings.

Appellant's account extended from November 9, 1936, to December 21, 1942. In addition to the account taken from the Hogle ledger three other documents were received in evidence, viz., (1) a customer's loan agreement signed by

defendant and (2) a margin contract and (3) a continuing guaranty both signed by Barth. The account continued active over a period of time during which appellant traded securities, received profits from his account and made payment to Hogle, May 8, 1942, in the sum of $2,000. At the time of Barth's decease, the balance not having been paid by appellant, the executrix fulfilled the obligation of her decedent when she paid the account. Her act of taking an assignment of the account was a proper course to protect herself against loss.

While appellant sat in court, heard plaintiff testify as to her payment to Hogle of the balance of appellant's account in the sum of $2,692.79; heard Hogle's auditor testify as to the authenticity of the three documents in evidence and of his employer's ledger account showing the payment of $2,000, he offered no proof at all. The truth of the matters in evidence is addressed to the consideration of the trial court. In the absence of prejudicial error its decision will be final. *(Yokohama Specie Bank Ltd.* v. *Trans-Oceanic Co.,* 54 Cal. App. 533 [202 P. 346].) The account of appellant was identified and his signatures on the supporting documents were admitted. They thereupon became relevant and competent evidence. (Code Civ. Proc., § 1953f.) From plaintiff's proof and defendant's admissions the court was justified in finding the ledger account to be true. *(Egan* v. *Bishop,* 8 Cal.App.2d 119, 123 [47 P.2d 500]; *Loper* v. *Morrison,* 23 Cal.2d 600 [145 P.2d 1].)

Judgment affirmed.

Wood (W. J.), J., and McComb, J., concurred.