[Civ. No. 29996.   Second Dist., Div. One.   Aug. 9, 1966.]

HOWARD T. BERRINGTON, Plaintiff and Respondent, v. HALSEY L. WILLIAMS, Defendant and Appellant.

Halsey L. Williams, in pro. per., for Defendant and Appellant.

W. Claude Fields, Jr., for Plaintiff and Respondent.

LILLIE, J.—Plaintiff sued defendant, maker of a promissory note payable to Crocker-Citizens National Bank, to recover the amount his assignor, as guarantor, was compelled to pay the bank on the note after defendant defaulted. Defendant appeals from order granting motion for summary judgment under Code of Civil Procedure, section 437c and for summary judgment.

Complaint on Note Paid By Guarantor, After Default By Payor seeks recovery of the principal sum of $11,000, interest, costs and reasonable attorney's fees. It alleges that on December 3, 1963, defendant executed his promissory note to the bank for $11,000 due and payable on April 1, 1964 (Exh. A

attached to complaint); at defendant's request and without consideration therefor, and solely to assist defendant in procuring the loan from the bank, Burdick F. Williams, defendant's brother and plaintiff's assignor, signed the note as endorser and guarantor; on April 1, 1964, the note became due, and demand was made by the bank on defendant who refused to pay the same, whereupon Burdick was compelled to and "did pay said note" to the bank on April 1, 1964; no part of this has been paid by defendant to Burdick, and on April 28, 1965, he assigned "said note and all of his rights thereunder to plaintiff"; up to the time of the assignment the assignor duly performed all conditions called for in the note; "no part of said note" has been paid either to plaintiff or plaintiff's assignor although demand has been made; and "by the terms of the note" defendant became liable for all expenses in the collection thereof, attorney's fees and costs.

The answer admits all but one of the basic allegations of the complaint; defendant denies that reimbursement is now due. Defendant admits the execution of the note on December 3, 1963; that he borrowed the money to relieve "financial pressure" on him caused by his "divorce situation," and the bank would not have loaned him the funds without the signature of the guarantor Burdick F. Williams; that Burdick paid the note to the bank and he (defendant) "has an obligation to the guarantor to reimburse him in the amount of the principal and interest on the said note signed by [him] and made good by the guarantor" (par. V(6)); and that Burdick has made assignment to plaintiff—*but* defendant alleges "that no part of said obligation (to reimburse the guarantor) has become due, that the proceeds from the sale of (certain) lots were understood by and between defendant and guarantor to furnish the funds to liquidate said obligation of the note, and that there has not as yet been any proceeds from the sale of said lots." (Answer, par. VII(1).) In explanation, defendant further alleges a series of previous notes resulting in the promissory note herein sued upon, his reasons for borrowing the money and a private oral agreement between him and the guarantor, who was aware of his depleted financial condition, whereby the guarantor would pay the note to the bank for him when the same became due and later he (defendant) would reimburse him out of the proceeds of the sale of three lots; that accordingly, he will reimburse Burdick or his assignee as soon as the lots have been sold; and that efforts have been made to sell them but without success.

Defendant's declaration in opposition to plaintiff's motion for summary judgment sets out "the chain of notes" culminating in the present promissory note, the circumstances under which the notes and renewals were made and the terms of his agreement with Burdick that the latter would accept reimbursement from him out of proceeds of the sale of certain lots.

The declaration of Burdick F. Williams (guarantor and plaintiff's assignor) in support of motion for summary judgment, alleges that he was induced without any consideration to guarantee defendant's note, and that the bank loaned defendant money without spelling out in the note any conditions or qualifications or funds from which payment was to be made; that the bank relied solely on the general credit of defendant and, in the event of defendant's default, on his general credit; that any agreement or scheme whereby he was to look for reimbursement from proceeds of the sale of any real estate was unknown to him; that at no time was it ever agreed by the bank or by him, as guarantor, that the loan was to be paid from proceeds of the sale of any of defendant's lots; that for valuable consideration he made an assignment to plaintiff; that defendant has had offers by third persons to purchase the lots but defendant has refused to sell them; and that the sale of the lots is not and has never been a consideration for the payment of the note, nor the source from which payment was to be made either to the bank or to him.

The complaint, plaintiff's moving papers and respondent's brief clearly show that his action is on the promissory note. He argues that "the note sued on was a negotiable promissory note. It carried no conditions or qualifications whatsoever as to the methods by which payment was to be made"; thus, any agreement between his guarantor and defendant relative to the funds out of which reimbursement is to be made, is no defense. (Resp. br. p. 3.) It is apparent that plaintiff's recovery on the note is predicated on the theory that he is a holder standing in the position of the bank, his assignor having paid off the note. Appellant, appearing in propria persona, offers no assistance to this court simply urging a reversal that the matter may be heard on the merits.

The remaining rights of an endorser and guarantor on a promissory note, under the circumstances herein alleged, are those given by the law of suretyship which include contribution from other sureties, if any, and reimbursement from the principal debtor. The surety is not a purchaser and cannot sue

on the instrument as a holder. (*Yule* v. *Bishop*, 133 Cal. 574, 579 [62 P. 68, 65 P. 1094]; *Bailes* v. *Keck*, 200 Cal. 697, 700 [254 P. 573, 51 A.L.R. 930].)

When a surety pays a debt for which he is liable as such surety, he thereby extinguishes the debt, and his remedy is not on the original obligation but against the principal upon his implied obligation to reimburse him. (*Johnson* v. *Mortgage Guarantee Co.*, 117 Cal.App. 416, 420 [4 P.2d 208]; *W. H. Marston Co.* v. *Central Alaska Fisheries Co.*, 201 Cal. 715, 722 [258 P. 933]; *Merner Lumber Co.* v. *Brown*, 218 Cal. 136, 140 [21 P.2d 590].) This was firmly established in 1901 in the leading case of *Yule* v. *Bishop*, 133 Cal. 574 [62 P. 68, 65 P. 1094]. "In this state, therefore, is [*sic*] seems to be well settled, both by the language of the code, and by the decisions of this court under it, that full payment and performance by the surety extinguishes the primary obligation; that new rights and liabilities then arise,—upon the part of the principal, to reimburse the surety for the moneys expended, with legal interest, though not according to the terms of the primary obligation; and upon the part of the surety, the right to an action in *assumpsit* upon the implied promise of the principal to make him whole. Since the principal obligation is thus extinguished, it cannot be with us as it may be elsewhere, that the original obligation is kept alive and passes to the surety by equitable assignment or subrogation." (P. 579.) (See *W. H. Marston Co.* v. *Central Alaska Fisheries Co.*, 201 Cal. 715, 722-723 [258 P. 933]; *Bailes* v. *Keck*, 200 Cal. 697, 700 [254 P. 573, 51 A.L.R. 930]; *Booth* v. *Friedman*, 82 Cal. App. 174, 179 [255 P. 222].) Thus, no right of action on the principal obligation ordinarily will pass to the surety since it is deemed extinguished by the payment (*Barth* v. *Adelstein*, 66 Cal.App.2d 406, 408 [152 P.2d 498]); and his action is for reimbursement on implied *assumpsit* arising from the enforced advancement for his principal. "There can be no doubt that the obligations evidenced by the two promissory notes, as shown upon the face of the complaint, became extinguished by the indorsement and delivery of the same, for a valuable consideration, by the payee, Farmers and Merchants Bank, to Keck's comakers, Gillespie and Brittain. (*Gordon* v. *Wansey*, 21 Cal. 77; *James* v. *Yaeger*, 86 Cal. 184 [24 P. 1005]; *Yule* v. *Bishop*, 133 Cal. 574 [62 P. 68, 65 P. 1094]; *Dodds* v. *Spring*, 174 Cal. 412 [163 P. 351]; 19 Cal.Jur. 920-922, 8 C.J. 342.)" (*Bailes* v. *Keck*, 200 Cal. 697, 700-701 [254 P. 573, 51 A.L.R. 930].)

■ While a surety may in a proper case purchase the note—the creditor's claim against the principal—instead of paying it (*Johnson* v. *Mortgage Guarantee Co.*, 117 Cal.App. 416 [4 P.2d 208]), the surety cannot both pay the claim against the principal and purchase it, since payment will extinguish it and there remains nothing to purchase. (*Merner Lumber Co.* v. *Brown*, 218 Cal. 136, 140 [21 P.2d 590]; *Manuel* v. *Hicks Iron Works*, 216 Cal. 459, 461-462 [14 P.2d 756].) Where a note is purchased or reacquired, the reacquiring guarantor may enforce his rights as a holder against prior parties, except those to whom he was formerly liable. ■ However, there is in neither the complaint herein nor plaintiff's declarations any allegation to the effect that the guarantor (plaintiff's assignor) purchased the note from the bank; the pleadings show only that the guarantor was compelled by the bank to, and did, pay the amount of the note when due. Thus, plaintiff's suit is on the implied agreement of defendant to reimburse, not upon the promissory note which was extinguished by the guarantor's payment. ■ Not valid then is respondent's argument that since there is nothing in the promissory note to show from what funds, if any, payment thereon is to be made, defendant is precluded from relying on any agreement he may have had with the guarantor as to reimbursement. In the absence then, of any express agreement between the guarantor and his principal, the guarantor's action for reimbursement is on an agreement implied in law, but if an actual agreement between the parties exists, the same would control. Thus, if it provides that reimbursement is to be made out of certain funds, as defendant herein claims, such agreement may well constitute a defense.

■ Respondent's argument that such an agreement must be in writing, citing section 1624, subdivisions 2, 4 and 5, Civil Code, is without merit.

■ As to the plaintiff's rights, the guarantor may assign his right to reimbursement against the principal. (*W. H. Marston Co.* v. *Central Alaska Fisheries Co.*, 201 Cal. 715 [258 P. 933].) However, the assignee takes subject to the defenses of the obligor against his assignor which existed prior to the notice of assignment; he is not a holder in due course who does not. While a holder of a negotiable instrument may obtain a better title than his transferor, the assignment merely transfers the interest of the assignor. (1 Witkin, Summary of California Law (1960) Negotiable Instruments, § 1, p. 570.) The assignee "stands in the shoes" of the assignor, taking

his rights and remedies, subject to any defenses which the obligor has against the assignor prior to notice of assignment. (Civ. Code, § 1459, Code Civ. Proc., § 368; *Bliss* v. *California Cooperative Producers*, 30 Cal.2d 240, 250 [181 P.2d 369, 170 A.L.R. 1009].)

■ Thus, it appears that if, as defendant claims, the guarantor, plaintiff's assignor, entered into an agreement with him relative to reimbursement, and inasmuch as the guarantor's recovery can be had only on defendant's obligation, express or implied, to make him whole, not on the note itself, and plaintiff assignee takes assignment subject to the defenses of the obligor against his assignor which existed prior to notice of the assignment, such an agreement would constitute a valid defense. The same has been raised by defendant in his pleadings and declarations; even though such agreement has been denied by the guarantor there nevertheless exists an issue of fact which must be decided upon a trial.

On summary judgment, the Supreme Court in *Stationers Corp.* v. *Dun & Bradstreet, Inc.*, 62 Cal.2d 412, said at page 417 [42 Cal.Rptr. 449, 398 P.2d 785] : ■ ''The matter to be determined by the trial court in considering such a motion is whether the defendant (or the plaintiff) has presented any facts which give rise to a triable issue. The court may not pass upon the issue itself. Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue. The aim of the procedure is to discover, through the media of affidavits, whether the parties possess evidence requiring the weighing procedures of a trial. In examining the sufficiency of affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts. (*Desny* v. *Wilder* (1956) 46 Cal.2d 715, 725-726 [299 P.2d 257]; *Coyne* v. *Krempels* (1950) 36 Cal.2d 257, 260-261 [223 P.2d 244]; *Eagle Oil & Ref. Co.* v. *Prentice* (1942) 19 Cal.2d 553, 556 [122 P.2d 264]; *Snider* v. *Snider* (1962) 200 Cal.App.2d 741, 747-749 [19 Cal.Rptr. 709]; Code Civ. Proc., § 437c.) Thus, the trial court was justified in granting the motion here only if the declarations filed in support of it, strictly construed, contain

facts sufficient to entitle the defendants to judgment, and those of the plaintiffs, liberally construed, show that there was no issue of fact to be tried." (*Towne Development Co. v. Lee,* 63 Cal.2d 147, 148 [45 Cal.Rptr. 316, 403 P.2d 724].) Inasmuch as the declarations herein present a triable issue to the trial court, under the foregoing rules, summary judgment was not proper.

The order is reversed.

Wood, P. J., and Fourt, J., concurred.